**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

**TIMEEKA MOORE,**

        **Plaintiff,**                        **MEMORANDUM & ORDER**

  **- against -**

                                                  **02 CV 5021 (NG) (LB)**

**THE WIZ, Cablevision,**

        **Defendant,**

-------------------------------------------------------X

**GERSHON, United States District Judge:**

      Plaintiff filed this *pro se* employment discrimination action on September 9, 2002 against defendant, The Wiz. Defendant filed for bankruptcy on March 14, 2003, and the case was administratively closed on April 18, 2003 pursuant to 11 U.S.C. § 362(a). Plaintiff filed a proof of claim pursuant to 11 U.S.C. § 501 in the United States Bankruptcy Court for the District of Delaware. Defendant objected to plaintiff's proof of claim under 11 U.S.C. § 502(a). By Order dated May 16, 2005 ("Bankruptcy Order"), the Honorable Mary F. Walrath, United States Bankruptcy Judge, sustained defendant's objection and disallowed and expunged plaintiff's claim in its entirety.

      On September 19, 2007, defendant filed the instant letter motion seeking to dismiss plaintiff's action (Dkt. # 23), and the Court placed this case back on the active docket (Dkt. # 24). On November 15, 2007, plaintiff filed a letter which the Court construes as her opposition to defendant's motion (Dkt. # 25). For the following reasons, defendant's motion is granted and this case is dismissed.

**DISCUSSION**

Defendant argues that plaintiff's action should be dismissed under the doctrine of *res judicata*, which provides that "'[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" EDP Med. Computer Sys., Inc. v. U.S., 480 F.3d 621, 624 (2d Cir. 2007) (quoting St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir. 2000)). The doctrine bars "later litigation if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." Id. at 624 (citing In re Teltronics Servs., Inc., 762 F.2d 185, 190 (2d Cir. 1985)). This rule applies with full force to matters decided by bankruptcy courts. See Katchen v. Landy, 382 U.S. 323, 334 (1966) ("The normal rules of res judicata and collateral estoppel apply to the decisions of bankruptcy courts."). Additionally, "[r]*es judicata* does not require the precluded claim to actually have been litigated; its concern, rather, is that the party against whom the doctrine is asserted had a full and fair opportunity to litigate the claim. EDP Med. Computer Sys., Inc., 480 F.3d at 626 (citing Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)); see also Falbaum v. Pomerantz, 19 Fed.Appx. 10, 2001 WL 1019616 (2d Cir. Sept. 6, 2001) (plaintiffs were barred from bringing a disparate impact claim because they could have timely raised such a claim during the bankruptcy proceeding).

Here, all four requirements for the application of *res judicata* are met. The Bankruptcy Court's order sustaining defendant's objection and expunging plaintiff's proof of claim was a final judgment on the merits by a court of competent jurisdiction. Under 28 U.S.C. § 157(b), if a proceeding is "core," the bankruptcy judge may enter final judgments and orders. Core proceedings include "allowance or disallowance of claims against the estate or exemptions from property of the

2

estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11." 28 U.S.C. § 157(b)(2)(B). Additionally, the Second Circuit has held that "a bankruptcy court order . . . constitutes a 'final judgment' and is thus a predicate for *res judicata*." EDP Med. Computer Sys., Inc., 480 F.3d at 625; see also In re S.G. Phillips Constructors, Inc., 45 F.3d 702, 705 (2d Cir.1995) (citing In re BKW Sys., Inc., 66 B.R. 546, 548 (Bankr. D.N.H. 1986)) ("Because [n]othing is more directly at the core of bankruptcy administration . . . than the quantification of all liabilities of the debtor, the bankruptcy court's determination whether to allow or disallow a claim is a core function." (internal quotations omitted)). Here, the Bankruptcy Order pursuant to 28 U.S.C. § 158(a)(1) constitutes a final judgment on the merits.

Additionally, the Bankruptcy Court is a court of competent jurisdiction. Its power to hear bankruptcy cases arises under 28 U.S.C. § 157(b)(1). "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments." Id. According to the Second Circuit, it is settled law "that the determinative factor as to [a] bankruptcy court's jurisdiction . . . is that the [objecting party] filed a proof of claim resulting in an adversary proceeding that involved the 'allowance or disallowance of claims against the estate.'" In re S.G. Phillips Constructors, Inc., 45 F.3d at 705 (quoting 28 U.S.C. § 157(b)(2)(B)); see also Langenkamp v. Culp, 498 U.S. 42, 44 (1991) (per curiam) (quoting Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 58-59 (1989)) ("[B]y filing a claim against a bankruptcy estate the creditor triggers the process of allowance and disallowance of claims, thereby subjecting himself to the bankruptcy court's equitable power." (internal quotations omitted)). Additionally, "by filing a proof of claim a creditor forsakes its right to adjudicate before a jury any issue *that bears directly on the*

*allowance* of that claim." Germain v. Connecticut National Bank, 988 F.2d 1323, 1329 (2d Cir. 1993) (emphasis in original).

In this case, plaintiff acknowledges that she filed a proof of claim: "I only received ONE notice from the Delaware bankruptcy court in 2005 where they requested that I completed some documents and return them within a certain time frame, which I did." Dkt. # 25 at 1. The Bankruptcy Order makes clear that plaintiff also filed a "Response to Objecti[on] of Proof of Claim (Docket No. 1264)." Dkt. # 23-4. Plaintiff's opposition states "I have never received personal orders to come to the Deleware [sic] Court nor the offices of Saul Ewing, LLC [defendant's bankruptcy counsel] to discus [sic] the matters why I have filed suit against the original debtor." Dkt. # 25 at 1. Thus, plaintiff argues that she did not have the opportunity to "defend myself to Mary Walrath or any other Delaware bankruptcy judge." Id.

Plaintiff misunderstands the nature of the bankruptcy proceedings. When the debtor is a corporation, such as The Wiz, or its successor, a bankruptcy reorganization generally results in the discharge of all debts, regardless of how they were incurred. In bankruptcy proceedings, "a chapter 11 debtor is required to provide 'reasonable notice' of the initial filing and subsequent bar date to creditors in order to allow for a discharge of a debt." In re Enron Corp., No. 01-16034, 2006 WL 898031 (Bankr. S.D.N.Y. Mar. 29, 2006). It is clear that plaintiff had notice and filed her claim and that she also responded to defendant's objection to her proof of claim. "[A] creditor who offers a proof of claim and demands its allowance is bound by what is judicially determined, . . . and if his claim is rejected, its validity may not be relitigated in another proceeding on the claim." Katchen, 382 U.S. at 334 (internal citations omitted).

Here, plaintiff's response on April 18, 2005 to defendant's objection belies her claim that

4

she did not have the opportunity to "defend myself to Mary Walrath or any other Delaware bankruptcy judge." Dkt. # 25 at 1. The Bankruptcy Order considered plaintiff's claim, defendant's objection, plaintiff's response to defendant's objection, and defendant's declaration in support of the debtor's objection. The validity of the Bankruptcy Court's decision may not be determined in this Court. Although plaintiff cannot litigate her claim in this Court, she could have appealed the Bankruptcy Court's Order disallowing her claim to the district court in Delaware.[1]

Finally, *res judicata* is satisfied here because the dispute is between the same parties regarding the same cause of action. See In re Teltronics Servs., Inc., 762 F.2d. at 190 (holding that the test for *res judicata* used in this Circuit requires that the same parties (or their privies) be litigating the same cause of action). In the bankruptcy proceeding, Ms. Moore cast her claims against The Wiz as "wrongful termination and breach of contract" whereas in this court, she alleges termination based on discrimination. Notwithstanding plaintiff's variation in describing the cause of action, the claims are clearly based on the same event, her termination from The Wiz, and are between the same parties, albeit here, the successor in interest to The Wiz. Under the doctrine of *res judicata*, plaintiff is barred from pursuing her employment claim against defendant which was "disallowed and expunged in its entirety" by the final order entered in the Bankruptcy Court. "The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment."

---

[1] See 28 U.S.C. § 158(a) (a district court has jurisdiction to decide appeals of final orders of the bankruptcy courts); see also Fed. R. Bankr. P. 8013 ("On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."); In re Bonnanzio, 91 F.3d 296, 300 (2d Cir. 1996) ("The fact findings of the bankruptcy court are reviewed by the district court for clear error, and the conclusions of law are reviewed de novo.").

In re Teltronics Servs., Inc., 762 F.2d. at 190.

## CONCLUSION

Accordingly, defendant's motion is granted and plaintiff's action is dismissed. The Clerk of Court shall close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal *in forma pauperis* would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

_____/s_____
**NINA GERSHON**
**United States District Judge**

Dated: June 4, 2008
　　　Brooklyn, New York